UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH P. ALLEN, IV | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:19-cv-4160-RLM-DLP |
| | ) | |
| ELIZABETH KEY, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | | |
| DAVID T. ALLEN, | ) | |
| DAVID C. ALLEN, | ) | |
| | ) | |
| Interested Parties | ) | |

<u>ORDER AND OPINION</u>

On September 17, 2020, the court dismissed the claims of Dr. Joseph P. Allen IV against Brown Advisory for failure to state a claim on which relief could be granted. The court presumes the reader's familiarity with that opinion and order. Dr. Allen has filed a motion that he describes as one to amend his complaint, but which consists primarily of a motion to reconsider the September 17 order.

A proposed second amended complaint accompanies Dr. Allen's motion. The complaint essentially restates the dismissed claims, though Dr. Allen bolsters Count I with some additional factual allegations. Those new allegations are based on discovery that Dr. Allen received or appreciated after briefing on the dismissal motion. The proposed second amended complaint virtually

restates Count II of the first amended complaint, but buttresses it with a new case citation.

Dr. Allen styles his motion as one to amend his complaint, and attaches his proposed second amended complaint—the complaint dismissed on September 17 was his first amended complaint. An abridged time line might be useful. Dr. Allen files this case on October 1, 2019. All other pertinent dates were in 2020.

> March 24: Dr. Allen files the first amended complaint
>
> April 14: Brown Advisory moves to dismiss the first amended complaint or to transfer case to District of Maryland
>
> May 15: court enters scheduling order setting September 10, 2020, as deadline for amending the pleadings
>
> May 18: Dr. Allen files response to Brown Advisory's motion to dismiss or transfer
>
> May 22: Brown Advisory files reply, making its motion to dismiss or transfer ripe
>
> July 27: Brown Advisory files notice of supplemental authority (Plan v. Chernski, 231 A.3d 436 (Md. 2020)
>
> September 17: court grants motion to dismiss first amended complaint
>
> October 22: Dr. Allen moves to file second amended complaint

Brown Advisory opposes Dr. Allen's motion on several grounds. First, the September 17 order dismissed Dr. Allen's claims against Brown Advisory with prejudice, and Dr. Allen hasn't moved to reconsider that dismissal. Second, the motion to amend is untimely, coming as it did well after the September 20, 2020 deadline for amending the pleadings. Third, Brown Advisory contends

that Dr. Allen had most of the discovery material on which he builds his good cause for an untimely amendment before the discovery deadline passed. Fourth, Brown Advisory argues that allowing the second amended complaint wouldn't find support in the interests of justice because it would require the re-opening of discovery and renewal of its motion to transfer the case to the District of Maryland.

Although Dr. Allen's styles his motion as one to file an amended complaint, the motion walks and quacks like a motion to reconsider the dismissal order. Brown Advisory says the motion should be treated as such. Courts disfavor motions to reconsider because they draw heavily on judicial resources. Caisse Nationale De Credit Agricole v. CBI Indus., 90 F.3d 1264, 1270 (7th Cir. 1996). Motions to reconsider are appropriate only for newly discovered evidence or manifest error—a "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000).

Dr. Allen doesn't claim newly discovered evidence or manifest error with respect to Count I. "[T]he Second Amended Complaint does not add new claims, but rather it adds facts discovered throughout this litigation that directly respond to the factual issues raised by the Court in its Order on the Motion to Dismiss, which was issued after the deadline for amending the pleadings." [Doc. No. 200 ¶ 25]. Dr. Allen simply seeks to provide what the

3

court didn't see in the dismissed complaint—allegations that Brown Advisory took actions that Ms. Key didn't direct.

The September order dismissed Count II of the first amended complaint on the ground that governing Maryland law doesn't recognize a cause of action for breach of fiduciary duty arising from a contractual relationship. Dr. Allen's second amended complaint offers a virtually identical Count II, based on the strength of the Maryland Court of Appeals' opinion in <u>Plank v. Cherneski</u>, 231 A.3d 436 (Md. 2020), which Dr. Allen says changed Maryland law. The court is unpersuaded that the law requires that a motion to amend must be treated as a motion to reconsider, *see, e.g.*, <u>Chaudry v. Nucor Steel-Indiana</u>, 546 F.3d 832, 839 (7th Cir. 2008), and the court will address the entire proposed amended complaint.

Dr. Allen claims something approaching amendment as a matter of right because district courts ordinarily are to give leave to amend when dismissing a complaint under Rule 12(b)(6). The court agrees with Dr. Allen's statement of the rule: "Ordinarily . . . a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed. We have said this repeatedly." <u>Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago</u>, 786 F.3d 510, 519 (7th Cir. 2015) (collecting cases). But the September 17 order didn't dismiss Dr. Allen's original complaint. It dismissed his first amended complaint.

Amendments to complaints are somewhat encouraged by Federal Rule of Civil Procedure 15, which provides that courts should freely give leave to amend when justice so requires. Dr. Allen concedes that he must also show good cause to amend the deadline because the deadline for amending the pleadings had passed before he moved to amend. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Trustmark Ins. Co. v. General & Cologne Life Re of America, 424 F.3d 542, 553 (7th Cir. 2005) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir 1992).

Dr. Allen hasn't shown the diligence needed to establish good cause for an untimely amendment to his complaint. He had all of the evidence supporting his motion in his possession during the briefing on the motion to dismiss. Dr. Allen says that some that information from a third party was late getting to him and that he didn't fully see how it all fit together before the court ruled on the dismissal motion. But he had all of the evidence on which he relies today for at least a month, and some of it for several months, before the dismissal order. And while the court doesn't say this as a point of pride, the motion to dismiss lay fully briefed for nearly four months before the court ruled.

One of Brown Advisory's arguments for dismissal, and the basis of the September dismissal of Count I, was that Elizabeth Key, holder of Dr. Allen's power of attorney, had directed all of the actions for which Dr. Allen sought to

hold Brown Advisory liable. Because Brown Advisory was contractually bound to follow Ms. Key's instructions, it couldn't be liable for doing what she told it to do. Dr. Allen now understands that Brown Advisory directed and facilitated various transactions without direction from Ms. Key, and offers its second amended complaint with allegations to that effect. Many of the changes in the second amended complaint consist of alleging conduct by Brown Advisory "and/or" Ms. Key where the first amended complaint alleged the things were done by Brown Advisory "and" Ms. Key. The second amended complaint also would allege a few actions by Brown Advisory alone.

Dr. Allen had the information he would need to shore up the defects Brown Advisory pointed out in the first amended complaint. Ordinarily, he would have had every right to await the court's ruling on the adequacy of the first amended complaint, Pension Trust Fund for Operating Engineers v. Kohl's Corp., 895 F.3d 933, 942 (7th Cir. 2018), but he let the deadline for amending the pleadings expire while awaiting that ruling. He didn't move to enlarge the deadline; he didn't offer a timely amended complaint. The court can't call that diligence.

And if Dr. Allen had moved to amend his complaint during the pendency of the motion to dismiss the first amended complaint, he could have addressed the impact of Plank v. Cherneski, 231 A.3d 436 (Md. 2020), which attempted to clarify Maryland law on the existence of an independent cause of action for breach of fiduciary duty. Brown Advisory, which had moved to dismiss because

Maryland didn't recognize such a cause of action, had submitted the Maryland opinion as supplemental authority only days after its issuance. But Plank is an 82-page opinion, and a timely motion to amend would have given Dr. Allen a vehicle to explain how it applied to the facts he alleged.

If all this is wrong, and Dr. Allen acted with diligence and established good cause for the untimely motion to amend within the meaning of Rule 16(b)(4), the interests of justice don't support leave to amend. Rule 15(a) provides that leave to amend should be freely given only if the interests of justice so require. Delay alone is rarely a sufficient reason to deny leave to amend under Rule 15(a)(2), Arrigo v. Link, 836 F.3d 787, 797 (7th Cir. 2016), but this amended complaint would have far more impact than simply getting the case back on its feet, moving toward trial. It would resurrect discovery battles now stale, a motion to stay pending resolution of an issue in the U.S. District Court for the District of Maryland, and issues of proper venue, all in addition to a likely new dismissal motion.

For all of these reasons, the court declines to treat the plaintiff's motion to amend as a motion for reconsideration and, treating it as a post-deadline motion to amend under Rules 15(a) and 16(b)(4), the court DENIES the plaintiff's motion [Doc. No. 200]. The case is dismissed with prejudice. The clerk is DIRECTED to enter judgment accordingly.

SO ORDERED.

ENTERED:  March 24, 2021

7

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Judge
United States District Court
Sitting by Designation

Distribution to all electronically registered counsel of
record.